STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES E. PENNINGTON,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0862**  (BOR Appeal No. 2046701)
(Claim Nos. 2003040078 & 2007002573)

**WEST VIRGINIA OFFICE OF**
**THE INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ARMSTRONG TELEPHONE COMPANY,**
**Employer Below, Respondent**

**and**

**ARMSTRONG TELE COMPANY/ NORTHERN DIVISION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles E. Pennington, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Armstrong Telephone Company, by Bradley A. Crouser, its attorney, filed a timely response. The West Virginia Office of the Insurance Commissioner, by Mark A. Bramble, its attorney, also filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 25, 2012, in which the Board affirmed a November 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 24, 2010, decision granting no permanent partial disability award in relation to Mr. Pennington's January 21, 2007, injury. The Office of Judges also affirmed the claims administrator's September 16, 2009, decision granting no additional permanent partial disability award in relation to Mr. Pennington's February 19, 2003, injury. The Court has carefully reviewed the

records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pennington worked as a technician for Armstrong Telephone Company. On February 19, 2003, Mr. Pennington injured his lumbar spine while lifting a generator and carrying it up a hill. Mr. Pennington's injury was held compensable, and the claims administrator granted him an 8% permanent partial disability award. On January 21, 2007, Mr. Pennington again injured his lumbar spine while loading a generator. The claims administrator held the claim compensable but specifically denied coverage for the diagnoses of degenerative disc disease and chronic pain. Following this decision, James Dauphin, M.D., performed an independent medical evaluation of Mr. Pennington in relation to his February 19, 2003, injury. Dr. Dauphin found that Mr. Pennington had reached the maximum degree of medical improvement. Dr. Dauphin then found that Mr. Pennington had 10% whole person impairment based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Lumbar Category III of West Virginia Code of State Rules § 85-20-C (2006).

Dr. Dauphin then issued a clarifying letter, stating that Mr. Pennington's current treatment needs were not related to his February 19, 2003, injury but to his January 21, 2007, injury. Dr. Dauphin found that Mr. Pennington only had 8% whole person impairment of the lumbar spine in relation to his February 19, 2003, injury. On September 16, 2009, the claims administrator granted Mr. Pennington no additional permanent partial disability award for his February 19, 2003, injury. The claims administrator found that he had been fully compensated by his prior 8% permanent partial disability award. Bruce A. Guberman, M.D., then performed an independent medical evaluation of Mr. Pennington relating to the January 21, 2007, injury. Dr. Guberman found that Mr. Pennington had reached the maximum degree of medical improvement with respect to his lumbar injury and found that he had 5% whole person impairment for his lumbar spine under the American Medical Association's *Guides* and Lumbar Category II of West Virginia Code of State Rules § 85-20-C. On September 24, 2010, the claims administrator granted Mr. Pennington no permanent partial disability award for his January 21, 2007, injury. The claims administrator stated that Mr. Pennington had been fully compensated by his prior 8% permanent partial disability award. On November 18, 2011, the Office of Judges affirmed the claims administrator's September 16, 2009, and September 24, 2010, decisions. The Board of Review then affirmed the Order of the Office of Judges on June 25, 2012, leading Mr. Pennington to appeal.

The Office of Judges concluded that Mr. Pennington remained fully compensated by the prior 8% permanent partial disability award for the lumbar spine. The Office of Judges found that Mr. Pennington had been previously granted an 8% permanent partial disability award for

his February 19, 2003, lumbar spine injury. The Office of Judges found that there were no independent medical evaluations in the record that recommended more than an 8% permanent partial disability award relating to Mr. Pennington's lumbar spine. The Office of Judges found that Dr. Dauphin's initial independent medical evaluation recommended a higher award. But the Office of Judges found that Dr. Dauphin corrected his report and determined that Mr. Pennington only had 8% impairment relating to his 2003 injury. The Office of Judges found that Dr. Guberman recommended a 5% impairment rating relating to Mr. Pennington's January 21, 2007, injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Pennington has not demonstrated that he is entitled to an additional permanent partial disability award in relation to his February 19, 2003, lumbar injury or any permanent partial disability award in relation to his January 21, 2007, injury. Mr. Pennington has suffered two relevant compensable injuries to his lumbar spine. He previously received an 8% permanent partial disability award in relation to his February 19, 2003, injury. Although Mr. Pennington received a second lumbar injury on January 21, 2007, he has not presented any evidence showing that he has incurred any greater whole person impairment which would entitle him to an additional permanent partial disability award. The evidence in the record shows that Mr. Pennington has been fully compensated by the prior 8% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum